J-A26010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAVET I. HENDERSON, | |
| Appellant | No. 68 MDA 2014 |

Appeal from the Judgment of Sentence November 6, 2013
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005221-2011

BEFORE:  BOWES, MUNDY, and JENKINS, JJ.

MEMORANDUM BY BOWES, J.:                **FILED OCTOBER 22, 2014**

Lavet I. Henderson appeals from the aggregate judgment of sentence of eighteen months probation imposed by the trial court after the court found her guilty of criminal mischief and harassment by communication. After review of the record, the parties' briefs, and the applicable law, we affirm on the basis of the well-reasoned opinion of the learned Judge Andrew H. Dowling.

The facts underlying this matter are as follows.  The victim herein is the paternal grandmother of Appellant's child.  Appellant and the father of the child are unmarried.  The father of Appellant's child resided at 2350 Berryhill Street, across the street from the victim.  On September 17, 2011, the victim was renting a 2011 Ford 150 pick-up truck from Budget Rent-A-Car.  Appellant visited the father of her child on that date to ask him to

support his newborn child. She and the father then had a verbal disagreement. Afterward, a neighbor of the victim informed her that Appellant had thrown a cinderblock through the driver's side window of the truck in question.[1] The neighbor, Heather Elliot, identified Appellant at trial as the culprit. Appellant also telephoned the victim approximately twenty-five times over a ten-day period, harassing the victim. In one of those calls, she admitted to throwing the block through the truck window.

The president of the Budget Rent-A-Car that owned the vehicle in question, Solomon Cramer, testified to the damage to the vehicle based on a record prepared by an appraiser named Vance Veith. According to Mr. Cramer, Mr. Veith regularly prepares appraisals of vehicles for his company and that Mr. Cramer himself observed the damage to the truck. The damage to the vehicle was $3,094 and an additional $1,200 in labor costs. The victim's insurance company paid approximately $4,200 to Budget Rent-A-Car for the damage. Based on this evidence, the court found Appellant guilty of criminal mischief and harassment. The court sentenced Appellant to eighteen months probation. This appeal ensued. The court directed Appellant to file and serve a concise statement of errors complained of on appeal. Appellant complied, and the trial court authored an opinion. The

---

[1] There was also significant damage to the front windshield. The neighbor testified that she saw Appellant throw the cinderblock at the truck twice.

matter is now ready for our review. Appellant presents three issues for this Court's consideration.

    I.    Whether the trial court erred in admitting the Commonwealth's evidence regarding the amount of damage caused to a rental car where such evidence constituted inadmissible hearsay?

    II.   Whether the Commonwealth failed to present sufficient evidence to sustain Appellant's convictions where it failed to prove that Appellant committed the crimes charged?

    III.  Whether the Commonwealth failed to present sufficient evidence to sustain Appellant's convictions where it failed to prove the amount of damage caused to the rental car?

Appellant's brief at 5.

Appellant's latter two issues relate to the sufficiency of the evidence. Since sufficiency claims entitle a person to discharge, we address those issues at the outset. We view all of the evidence admitted, even improperly admitted evidence, in conducting a sufficiency review. *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*). We consider such evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth. *Id*. When evidence exists to allow the fact-finder to determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim will fail. *Id*.

The evidence "need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented."

*Id*. In addition, the Commonwealth can prove its case by circumstantial evidence. Where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances[,]" a defendant is entitled to relief. This Court is not permitted "to re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id*.

Much of Appellant's argument is premised on disbelieving the testimony of Heather Elliott and the victim, which we are not permitted to do. In addition, Appellant disregards that we must consider the damage estimate since it was admitted into evidence. She argues that, since this testimony was inadmissible, the Commonwealth did not prove damages of $5,000. However, the Commonwealth was not required to establish damages of $5,000. Rather, it amended the criminal information to a misdemeanor of the second degree and accordingly was required to show damages between $1,000 to $5,000. Hence, Appellant's position that the Commonwealth only proved damages in the amount of $4,924.05 is meritless. We add that, based on the reasons outlined by the trial court in its opinion, Appellant's sufficiency issues fail.

Appellant's initial claim pertains to the admission of evidence. We evaluate evidentiary issues under an abuse of discretion standard. *Commonwealth v. Stephens*, 74 A.3d 1034 (Pa.Super. 2013). Appellant argues that the third party damage estimate used in this matter was

inadmissible hearsay and did not fall within the business records hearsay exception. In this latter regard, she contends that because no one authenticated the damage estimate, nor did an individual from the company that appraised the vehicle testify, the criteria for meeting the business records exception was not met. We disagree. First, we note that Appellant did not object based on any lack of authentication. Moreover, as the trial court ably detailed in its opinion, the person who keeps or produces the record is not required to testify. For the reasons outlined by the trial court, we find that Appellant's hearsay issue does not entitle her to relief.

Judgment of sentence affirmed.

Judge Mundy joins the Memorandum.

Judge Jenkins Concurs in the Result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/2014

- 5 -

COMMONWEALTH OF PENNSYLVANIA   : IN THE COURT OF COMMON PLEAS
                                                  : DAUPHIN COUNTY, PENNSYLVANIA
                                                  :
                    v.                          : NO. 5221 CR 2011
                                                  :
LAVET HENDERSON                        : CHARGES: CRIMINAL MISCHIEF;
                                                    : HARASSMENT

## MEMORANDUM OPINION
[Pursuant to Pa.R.A.P. 1925(a)]

This is an appeal from the judgment of sentence entered against defendant Lavet Henderson ("appellant"). On November 11, 2013, following a bench trial, appellant was found guilty of criminal mischief[1] and harassment by communication[2] for throwing a cinder block through the window of a Ford Truck ("rental truck") that Yvonkia Illiasou, the paternal grandmother of her newborn son, was renting on September 17, 2011. The Court also found that the Commonwealth proved at least $5,000 in damages. That same day, defendant was sentenced to an aggregate of eighteen months' probation. Appellant was also ordered to make restitution to Grange Insurance for $4,200, to Ms. Illiasou for $700, and to Budget Rent-A-Car for $100. Appellant then filed a timely post-sentence motion, which was denied. This appeal followed.

Appellant raises two issues on appeal. First, appellant argues that the Commonwealth's evidence concerning the amount of damage caused to the rental car was inadmissible hearsay and thus improperly admitted. (Statement at ¶1) Appellant does not further identify what evidence she is contesting. Although not explicitly stated, appellant seems to be contesting the admission of the document billed to Ms. Illiasou setting forth the monetary amount of damage done to the

---

[1] 18 Pa.C.S.A. §3304(a)(5)
[2] 18 Pa.C.S.A. §2709(a)(7)

1

rental truck.[3] (Com. Exhibit No. 8) Solomon Cramer, the President of the Budget Rent-A-Car in Harrisburg that owned the rental truck ("Rent-A-Car"), testified that his company relies upon such documents in their ordinary course of business to determine the monetary amount of damage done to their rental vehicles so that they may bill the appropriate entities accordingly. (N.T. 65) Pages 6 through 11 of the document contain a summary sheet prepared by an appraisal company independent from Rent-A-Car. (N.T. 73-74) Mr. Cramer testified that Vance Veith was the appraiser who generated the report, and that Mr. Veith regularly generates appraisal documents for his company as a regional representative. (N.T. 76) Mr. Cramer further testified that the appraisal of the damage indicated in the report was a "reasonable estimate" given that he personally viewed the damage and noted that it was more extensive than what he usually observes in the course of his business. (N.T. 67)

Appellant's counsel argued that the document constituted inadmissible hearsay because the appraisal was done by a company independent of Rent-A-Car by unspecified individuals whom Mr. Cramer does not have control over or responsibility for. (N.T. 64, 62-67, 75) The objection was overruled, and the document was admitted under the business records exception to the hearsay rule. (N.T. 75)

The business records exception to the hearsay rule is found in Pennsylvania Rule of Evidence 803(6), which states:

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

**(6) Records of a Regularly Conducted Activity.** A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if,

(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;

---

[3] This is the only evidence appellant's counsel objected to as inadmissible hearsay.

2

(B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) neither the source of information nor other circumstances indicate a lack of trustworthiness.

As counsel for appellant objected only as to the damages estimate on pages 6 through 11 of Commonwealth's Exhibit 8, we will analyze only whether that portion of the report meets the criteria set forth in Pa.R.E. 803(6).

Under the business records exception, it is not essential to produce either the person who made the entries or the custodian of the record at the time the entries were made, nor is it essential that the witness qualifying the business records have personal knowledge of the facts reported in the business record. See Virgo v. W.C.A.B. (County of Lehigh-Cedarbrook), 890 A.2d 13 (Pa.Commw. 2005). Here, Mr. Cramer testified that the damages appraisal was prepared by Mr. Veith, an appraiser who personally observed the damage to the truck shortly after it was damaged and took pictures thereof. (N.T. 76) Mr. Cramer, the witness who qualified the business record, personally viewed the damage to the rental truck as well, requested the appraisal and testified that the estimate in the report was reasonable. Thus, the Commonwealth established that the record was made at or near the time by--or from information transmitted by--someone with knowledge.

Additionally, Mr. Cramer testified that the document was kept in the course of a regularly conducted activity of his business—that of determining how much damage was done to a rental

3

vehicle—and that making the record was a regular practice of that activity—that of generating appraisal reports. (N.T. 63-65)

Finally, neither the source of information nor other circumstances indicate a lack of trustworthiness. "As long as the authenticating witness can provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness of the business records of a company, a sufficient basis is provided to offset the hearsay character of the evidence." See id. As such, the document was properly admitted under the business records exception to the hearsay rule.

Finally, appellant argues that the Commonwealth failed to present sufficient evidence that appellant was guilty of criminal mischief and harassment, and failed to present sufficient evidence of the damage done to the truck. (Statement at ¶2) To the contrary, the Commonwealth proved beyond a reasonable doubt that appellant threw a cinder block into the driver's side window of the truck Ms. Illiasou was renting on September 17, 2011, and for calling her approximately twenty-five times within the ten days thereafter to leave harassing messages.

It is undisputed that appellant was in the area on the day the rental truck was damaged. Appellant testified that, on September 17, 2011, she went to Mr. Henderson's house at 2350 Berryhill Street, which is across the street from where Ms. Illiasou lives and parked the rental truck that day, at 2264 Berryhill Street. (N.T. 16; 20; 84-85) Appellant testified that she had visited Mr. Henderson that day to ask him to financially support their newborn son. (N.T. 84-85) Appellant conceded that she was angry with Mr. Henderson because he was not providing for their baby, and that the conversation ended when Mr. Henderson and his mother Ms. Illiasou "were yelling that they don't want anything to do with the baby [...]" (N.T. 93.19-20) Ms.

4

Illiasou explained during her testimony that appellant held her responsible for keeping her son from becoming involved with his and appellant's baby. (N.T., 11/6/13 at 16)

Heather Elliot, who does not personally know any of the parties involved in the incident, testified that while she was sitting on her porch she saw appellant throw a brick through a truck on September 17, 2011. (N.T. 47-48; 57) Mrs. Illiasou testified that, on the day the truck was damaged, appellant admitted to her over the phone that she threw a cinder block through the rental truck. (N.T. 29-30)

The Commonwealth also proved at least $5,000 in damages beyond a reasonable doubt. Ms. Illiasou, the renter, and Mr. Cramer, the President of Rent-A-Car, testified that the Ms. Illiasou's insurance company paid approximately $4,200 to Rent-A-Car. (N.T. 40, 67-68) Ms. Illiasou and Mr. Cramer testified that Ms. Illiasou paid a $500 deductible to Grange Auto Insurance, and $200 for towing. (N.T. 39-40) Mr. Cramer testified that his company paid $95 for the appraisal fee in this case, and lost at least $5[4] for the eight days that his company could not use the rental truck. (N.T. 69, 74, 78) Furthermore, Ms. Illiasou, Mr. Cramer and Ms. Elliot testified that they personally observed the damage to the rental truck, and that the damage was accurately depicted in photographs taken by Ms. Illiasou and the police and admitted into evidence. (N.T. 23-25, 50-52, 60-61; Com. Exhs. 1-7)

Ms. Illiasou also testified that appellant called her about twenty-five times within the first ten days of the incident, calling her names such as "fat black bitch" and saying that she "condones" her son's behavior. (N.T. 28-31) One of those alleged messages was played in open court, which mentioned the word "condone." (N.T. 37-38)

---

[4] Mr. Cramer testified that his company could not use the truck for eight days, and that the company would have charged customers at least $37.50 a day to use the truck during that time. (N.T. 69.18-20) However, the Commonwealth capped the damages that it sought to prove at $5,000.

5

For the foregoing reasons, the judgment of sentence should be affirmed.

BY THE COURT:

JUDGE ANDREW H. DOWLING

March 7, 2014

6